IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VARIAN MEDICAL SYSTEMS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ELEKTA AB and ELEKTA LTD., ) <br> ) <br> Defendants. ) | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff VARIAN MEDICAL SYSTEMS, INC. ("Plaintiff" or "Varian") hereby seeks a declaration that Varian does not directly or indirectly infringe United States Patent No. 8,503,608 ("the '608 patent"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201. Varian requests relief because Defendants ELEKTA AB and ELEKTA LTD. (collectively, "Elekta") have made clear through other lawsuits and correspondence to Varian that they intend to assert infringement of the '608 patent against Varian in this District.

2. Varian has not infringed, and is not infringing, the '608 patent, attached hereto as **Exhibit A**. Varian thus seeks a declaratory judgment to that effect, so that it may remove the cloud of uncertainty arising from Elekta's allegations of infringement.

## THE PARTIES

3. Varian is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 3100 Hansen Way, Palo Alto, California.

4. Varian is a world leader in the design and manufacture of medical devices and software for treating cancer and other medical conditions with radiotherapy, radiosurgery, proton therapy and brachytherapy. Varian provides a fully integrated line of products for treating cancer with radiation, including linear accelerators, treatment simulation and verification products, information management and treatment planning software and sophisticated ancillary devices.

5. Upon information and belief, Defendant Elekta AB is a corporation organized and existing under the laws of Sweden, having a principal place of business at Kungstensgatan 18, SE-103 93 Stockholm, Sweden.

6. Upon information and belief, Defendant Elekta Ltd. is a corporation organized and existing under the laws of the United Kingdom, with its principal place of business at Linac House, Fleming Way, RH10 9RR Crawley, United Kingdom, and Elekta Ltd. is a wholly-owned subsidiary of Defendant Elekta AB.

7. Both Defendants operate under and identify with the trade name, "Elekta." Upon information and belief, each of the Defendants directly or indirectly imports, develops, designs, manufactures, distributes, markets, offers to sell and/or sells products and services in the United States, including in the District of Delaware, and otherwise purposefully directs activities to the same.

## JURISDICTION AND VENUE

8. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, and under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

9. This Court has subject matter jurisdiction over this action pursuant to at least 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

10. Upon information and belief, this Court has personal jurisdiction over Elekta Ltd. because it directly or indirectly imports, develops, designs, manufactures, distributes, markets, offers to sell and/or sells products and services in the District of Delaware (including products and services that relate to and, on information and belief, may practice the '608 patent), and otherwise purposefully directs activities to the District of Delaware.  Further, Elekta Ltd. brought a patent infringement lawsuit against Varian in this District, and is actively litigating that action in this District, as explained in greater detail below.  As such, Elekta Ltd. has established sufficient minimum contacts with this District such that it should reasonably and fairly anticipate being called into court in this District, and has purposefully directed activities at residents of the state and this District.

11. Upon information and belief, this Court has personal jurisdiction over Elekta AB because it directly or indirectly imports, develops, designs, manufactures, distributes, markets, offers to sell and/or sells products and services in the District of Delaware (including products and services that relate to and, on information and belief, may practice the '608 patent), and otherwise purposefully directs activities to the District of Delaware.  Further, Elekta AB has alleged Varian infringes the '608 patent, has been actively involved in Elekta Ltd.'s ongoing patent infringement lawsuit against Varian in this District related to this Complaint, and has otherwise participated in patent litigation in this District, as explained in greater detail below.  On information and belief, Elekta AB has also controlled and is controlling certain acts of Elekta Ltd. giving rise to this Complaint.  As such, Elekta AB has established sufficient minimum contacts with this District such that it should reasonably and fairly anticipate being called into court in this District, and has purposefully directed activities at residents of the State and this District.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b) at least because a substantial part of the events relating to Varian's claims occurred in this District and because the defendants are subject to personal jurisdiction here, at least in part due to the aforementioned patent enforcement action brought and being litigated by Elekta in this District.

## GENERAL BACKGROUND

13. Varian is a world leader in medical technology. Varian's research and development teams and partnerships have produced a wide array of products, including hardware, software and services that help doctors and hospitals identify and treat various medical conditions.

14. Varian's greatest contribution to medical innovation has taken shape through its relentless battle against cancer, which has produced a range of treatment technologies, including radiotherapy, radiosurgery, proton therapy and brachytherapy solutions. Varian's foremost mission is to save lives by making cancer treatment safer and more effective.

15. Among Varian's cutting-edge product offerings in the cancer treatment industry are its TrueBeam and VitalBeam radiotherapy systems and Eclipse treatment planning software with RapidArc technology. Treatment planning software is typically used to specify how radiation treatment should be delivered by creating a treatment plan. Radiotherapy systems may then use a treatment plan to actually deliver a radiation treatment.

16. Elekta is one of Varian's competitors in this industry. For over a year, Varian and Elekta have been engaged in active patent litigation in multiple jurisdictions, including in this District.

## ONGOING LITIGATION BETWEEN THE PARTIES

17. The '608 patent is not the first patent issued to lead inventor Kevin Brown that is at issue between the parties. On February 12, 2016, Elekta Ltd. filed a patent infringement lawsuit against Varian in this District. Elekta Ltd. asserted a single patent—U.S. Patent No. 7,961,843 to Kevin Brown, *et al.* ("the '843 patent"). That case, Civil Action No. 16-082, is currently pending before Judge Richard G. Andrews (hereinafter referred to as the "Brown Delaware Action").

18. Also on February 12, 2016, Elekta Ltd. brought patent infringement actions against Varian and Varian's subsidiaries in the United Kingdom and Germany (collectively, the "Brown Foreign Actions"). In the Brown Foreign Actions, Elekta Ltd. asserted the European counterpart to the '843 patent—EP 2,010,287 to Kevin Brown, *et al.* These actions are also still pending in their respective jurisdictions.

19. In the Brown Delaware Action, discovery is ongoing. Per its initial infringement contentions, Elekta Ltd. accuses Varian's TrueBeam, VitalBeam, and Eclipse with RapidArc products of infringing the '843 patent.

20. In connection with Elekta Ltd.'s infringement allegations, Varian sought discovery relating to the '608 patent due to its similarity to the '843 patent. Elekta Ltd. did not dispute this similarity and responded to Varian's discovery requests that it will produce responsive documents relating to the '608 patent.

21. Varian and Elekta have also been litigating against one another in other patent infringement actions in the United States, including in this District.

22. On September 25, 2015, Varian filed a patent infringement lawsuit against Elekta AB, Elekta Instrument AB, Elekta Inc. and Elekta Holdings U.S., Inc., asserting U.S. Patent No. 6,888,919 to Ulrich Martin Graf. That action, Civil Action No. 15-871 (the "Graf Action"), is

currently pending before Judge Leonard P. Stark. Elekta AB has been actively participating the Graf Action. It answered Varian's Amended and Supplemental Complaint in the Graf Action on August 25, 2016 (D.I. 56-57), served proposed terms and constructions on August 29, 2016 (D.I. 58), and served discovery requests on October 5, 2016 (D.I. 67).

23. Elekta Ltd. also brought a separate patent infringement action against Varian in the Eastern District of Michigan, which is currently stayed, Civil Action No. 15-12169.

### ACTS GIVING RISE TO THE COMPLAINT

24. On October 12, 2016, Elekta sent a letter to Varian stating that Elekta intends to assert the '608 patent against Varian. Elekta has not since provided any indication that it has changed course.

25. The '608 patent to Kevin Brown *et al.* is similar to the '843 patent asserted in the Brown Delaware Action. All four of the named inventors of the '843 patent are also named inventors of the '608 patent. The '843 patent also shares much the same patent specification as the '608 patent, and the claims of the two patents are similar.

26. USPTO records reflect that the '608 patent was originally assigned to Elekta AB, and there is no other information available reflecting a change in assignee. USPTO records also reflect that the '843 patent was originally assigned to Elekta AB, and was subsequently assigned to Elekta Ltd.

### CLAIM FOR RELIEF
### COUNT I: NON-INFRINGEMENT OF THE '608 PATENT

27. Varian incorporates by reference and realleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

28. On information and belief, Elekta owns all rights, title, and interest in the '608 patent. A true and correct copy of the '608 patent is attached hereto as Exhibit A.

29. The '608 patent has two independent claims: claims 1 and 11.

30. Claim 1 of the '608 patent recites:

    A radiotherapeutic apparatus comprising:

    a source able to emit a beam of therapeutic radiation along a beam axis, wherein the source is rotatable about a rotation axis that is substantially orthogonal to and intersects with the beam axis thereby to describe an arc around the rotation axis;

    a multi-leaf collimator (MLC) arranged to collimate the beam to a desired shape; and;

    a control means able to control a dose/time rate of the source, a rotation speed of the source, and a position of the multi-leaf collimator,

    a control means being arranged to receive a treatment plan in which the arc is divided into a plurality of arc-segments, the treatment plan specifying a total dose for an arc-segment and a start and end MLC position, and to control the source in accordance with the treatment plan over an arc-segment by calculating a total time required for the arc segment for a plurality of factors including:

    i. an MLC leaf movement from a prescribed position at the start of the arc-segment to a prescribed position at the end of the arc-segment, at a maximum leaf speed;

    ii. rotation of the source from the start to the end of the arc-segment at a maximum source rotation speed;

    iii. delivery of the dose at a maximum dose rate per time;

    the apparatus being arranged to select the factor i, ii, or iii which requires longest time, and to control the apparatus so that the selected factor operates at its respective maximum and the remaining factors are operated at a reduced rate selected to match the longest time wherein the total time required for the arc segment for at least one factor relating to a moving geometry item is the greater of (a) a time required to complete the arc segment if the geometry item travelled at a continuous defined upper speed for the geometry item and (b) a time required to allow for adjustment of the speed of the geometry item until it is travelling at the defined upper speed.

31. Claim 11 of the '608 patent recites:

    A treatment planning apparatus, for a radiotherapeutic apparatus of the type comprising (i) a source able to (a) emit a beam of therapeutic radiation along a beam axis and (b) rotate about a rotation axis that intersects the beam axis thereby to describe an arc around the rotation axis, (ii) a multi-leaf collimator arranged to collimate the beam to a desired shape, and (iii) a control means able to control a dose rate of the source, a rotation of the source, and the multi-leaf collimator;

the treatment planning apparatus being arranged to divide the arc into a plurality of arc-segments and to prepare a treatment plan which includes a first arc-segment, adapted to deliver a first specified dose during which the source rotates a first specified angle and the multi-leaf collimator changes shape at a first specified rate per degree, and a second arc segment adapted to deliver a second specified dose during which the source rotates a second specified angle and the multi-leaf collimator changes shape at a second specified rate per degree, such that at least one of the first and second specified doses, the first and second specified angles, and the first and second specified rates per degree differ as between the first and second arc-segments wherein the total time required for the arc segment for at least one factor relating to a moving geometry item is the greater of (a) a time required to complete the segment at a continuous defined upper speed for the geometry item and (b) a time required to accelerate the geometry item until it is travelling at the defined upper speed.

32.  Varian does not directly or indirectly infringe the '608 patent, either literally or under the doctrine of equivalents, at least because its TrueBeam, VitalBeam, and Eclipse with RapidArc products: (1) do not employ, incorporate, or otherwise make use of "a control means being arranged to receive a treatment plan" as required by claim 1 of the '608 patent; (2) do not employ, incorporate, or otherwise make use of a "a control means being arranged to . . . control the source in accordance with the treatment plan over an arc-segment by" performing "total time" calculations as required by claim 1 of the '608 patent; (3) are not "arranged to select" a factor that "requires longest time" as required by claim 1 of the '608 patent; (4) are not "arranged . . . to control the apparatus" as required by claim 1 of the '608 patent; (5) do not employ, incorporate, or otherwise make use of the required "treatment planning apparatus being arranged to divide the arc into a plurality of arc-segments" as required by claim 11 of the '608 patent; and (6) do not employ, incorporate, or otherwise make use of the required "treatment planning apparatus being arranged . . . to prepare a treatment plan" as required by claim 11 of the '608 patent.

33.  A substantial, immediate, and real controversy exists between Varian and Elekta regarding whether Varian infringes the '608 patent by making, using, selling, and/or offering for

sale the TrueBeam, VitalBeam, and Eclipse with RapidArc products.  A judicial declaration is necessary to determine the parties' respective rights regarding the '608 patent.

34.     Varian seeks a judgment declaring that it does not infringe, either literally or under the doctrine of equivalents, one or more claims of the '608 patent by making, using, selling, and/or offering for sale the TrueBeam, VitalBeam, and Eclipse with RapidArc products, either directly or indirectly under 35 U.S.C. § 271.

### PRAYER FOR RELIEF

WHEREFORE, Varian respectfully requests:

1.      Judgment in favor of Varian and against Elekta declaring that Varian does not directly or indirectly infringe the '608 patent, either literally or under the doctrine of equivalents, and that it is not liable for damages or injunctive relief based on any claim of the '608 patent;

2.      That the case be found exceptional under 35 U.S.C. § 285 and that Varian be awarded its attorneys' fees;

3.      Costs and expenses in this action;

4.      An award of prejudgment and post-judgment interest; and

5.      Such other and further relief as the Court may deem just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Varian demands a jury trial on all issues and claims so triable.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Sean S. Pak<br>Sam Stake<br>Brian Mack<br>QUINN EMANUEL URQUHART &<br>  SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600<br><br>Victoria F. Maroulis<br>Yury Kapgan<br>Mark Tung<br>QUINN EMANUEL URQUHART &<br>  SULLIVAN LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>(650) 801-5000<br><br>Michael L. Niu<br>QUINN EMANUEL URQUHART &<br>  SULLIVAN LLP<br>51 Madison Ave., 22nd Floor<br>New York, New York 10010<br>(212) 849-7000<br><br>Joseph A. Greco<br>BECK, BISMONTE, & FINLEY LLP<br>150 Almaden Boulevard, 10th Floor<br>San Jose, CA 95113<br>(408) 938-7900<br><br>October 26, 2016 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jeremy A. Tigan*<br><br>Jack B. Blumenfeld (#1014)<br>Jeremy Tigan (#5239)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>jtigan@mnat.com<br><br>*Attorneys for Varian Medical Systems, Inc.* |